

FILED

MAR - 6 2015

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MAZIE GREEN,

    Plaintiff,

    v.                             Civil Action No.: 5:15-2636

CSX CORPORATION,

    Defendant.

## COMPLAINT

### PARTIES

1.    Mazie Green, Plaintiff, 205 Heatherton Drive, Covington, VA 24426.

2.    CSX Corporation ("CSX"), Defendant, 500 Water Street, Jacksonville, FL 32202.

### JURISDICTION

3.    Jurisdiction is conferred upon this United States District Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

### CLAIM

4.    Ms. Green alleges that CSX failed to timely provide important pension plan information that she requested by letters dated August 14, 2014 and January 27, 2015 in violation of 29 U.S.C. § 1132(c). Her written request for these documents are pursuant to 29 U.S.C. § 1024(b)(4).

### FACTS

5.    By letter dated August 8, 2014, CSX notified Ms. Green that because her employment with CSX ended, the lump sum value of her vested CSX Pension Benefit is $2,174.51 as of November 1, 2014. It further stated that because she was no longer employed by CSX and

because her benefit was $5,000.00 or less, the Plan requires that she automatically receive an immediate distribution of the lump sum value of her benefit amount.  This letter advised Ms. Green to review her enclosed benefit calculation statement and to notify the CSX Pension Center immediately if any information is incorrect.

6.      Ms. Green was terminated by CSX on November 8, 2004.  CSX was the former owner of The Greenbrier Hotel (see United States District Court for the Southern District of West Virginia civil action no.: 5:07-0369).  She had worked for her employer for 25 years and was fully vested in CSX's defined benefit pension plan.

7.      CSX's Pension Plan Calculation Statement, dated August 8, 2014, stated that her deferred vested monthly benefit at the age of 65 is $27.61.   However, Ms. Green's Pension Benefit Certification("PBC")  notice dated November 9, 2006 stated that her deferred monthly benefit at age 65 is $398.86.  Ms. Green asked for clarification by letter dated August 14, 2014 and requested copies of CSX pension plans (re: The Greenbrier Hotel) that would be effective for her from July 10, 1979, with any adjustments to terms, through August 8, 2014 as soon as possible.  On August 27, 2014, CSX Pension Center notified Ms. Green by telephone that they had received her letter and that the lump sum payment was for the non-union portion of her pension.  However, Ms. Green's PBC states that the amount is for Union or Non-Agreement.  Ms. Green did not receive the plan documents requested.

8.      By letter dated, November 13, 2014, Ms. Green was notified by Diane M. Trela, Trust Officer at Centier Bank that CSX had made Centier Bank the trustee of an automatic rollover of her pension to a Safe-Harbor-IRA.  Ms. Trela stated that this IRA program was exclusively for missing or non-responsive terminated plan participants.  Ms. Green was neither.

9.      By letter dated January 27, 2015, Ms. Green again requested a response to her letter dated

November 13, 2014.  By letter dated February 12, 2015, CSX Corporation-CSX Pension Plan

responded responded that their records show her Union benefit to be $398.86 per month and her

Non-Agreement benefit was $21.61 per month that resulted in a lump sum amount of $2,174.51

in November 2014).  However, CSX did not supply the documents requested by Ms. Green in

order to determine if her pension benefits were calculated correctly.


<u>DEMAND</u>

WHEREFORE, Plaintiff, Mazie Green, respectfully requests that this Court order: (1)

Defendant, CSX, to  provide Ms. Green with the CSX Pension Plan documents that would be

effective for her (union and non-agreement) from July 10, 1979, with any adjustments to terms,

through August 8, 2014 (inclusive of summary plan descriptions and benefit statements); (2) that

CSX restore Ms. Green's rights to her future vested pension benefits  (inclusive of early

retirement benefits, if chosen); and (3) hold CSX liable for Court costs  and to pay Ms. Green up

to $110 per day for failure to timely provide the above requested documents pursuant to ERISA

29 U.S.C. § 1132(c) (1)(B) and grant any further relief that this Court determines appropriate.

Respectfully submitted,

*Mazie Green, pro se*

Mazie Green, pro se                                          Dated: MARCH 4, 2015
205 Heatherton Drive
Covington, VA  24426
(540) 863-9386



MARIE GREEN
205 HARTHORN DRIVE
COVINGTON VA 24426

Clerk of Courts
US District Court for the Southern
110 North Heber Street
Room 119
Beckley WV 25801



